# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2026-1087
Lower Tribunal No. 2026-DR-000892

_____

JOSEPH JOHN GUERRA, individually and on behalf of H.G.,

Petitioner,

v.

PAIGE SUNDANCE MINCIELI,

Respondent.

_____

Petition for Writ of Certiorari to the Circuit Court for Collier County.
Amanda Levy-Reis, Judge.

July 10, 2026

NARDELLA, J.

Joseph Guerra petitions the Court for a writ of certiorari quashing the trial court's order dismissing his petition for an injunction for protection against domestic violence due to improper venue. We treat his petition as an interlocutory appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A). Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought[.]").

Mr. Guerra, a resident of Lee County, Florida, filed the petition against Paige Mincieli, also a resident of Lee County, Florida, in the Twentieth Judicial Circuit, in and for Collier County, Florida. The trial court denied the petition without prejudice because it found the venue improper. In support, the trial court cited the special venue provision contained in the statute governing domestic violence injunctions, i.e., Florida Statute 741.30(1)(j).

Mr. Guerra moved for reconsideration, arguing the provision cited by the trial court supported venue in Collier County. The trial court rejected the argument, explaining:

> As a point of clarification, to the extent the order [denying] the petition for protection against domestic violence cited improper venue under Florida Statute 743.30(1)(j), Chapter 47 also applies. Here, neither Petitioner, nor Respondent reside in Collier County, nor did the incident giving rise to the claim occur in Collier County. Additionally, the parties['] related family case proceeds in Lee County, Florida, not in Collier County.

None of these reasons support the trial court's denial for improper venue.[1]

---

[1] To be clear, the trial court's ruling was not based on section 47.122, Florida Statutes (2025), which provides: "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." *See also Johnson v. Johnson*, 288 So. 3d 745 (Fla. 2d DCA 2019) (affirming order transferring venue, pursuant to section 47.122, of petition for injunction for protection against domestic violence).

The statute under which Mr. Guerra seeks an injunction contains a special venue provision, which provides, in its entirety, as follows:

> Notwithstanding any provision of chapter 47, a petition for an injunction for protection against domestic violence may be filed in the circuit where the petitioner currently or temporarily resides, where the respondent resides, or where the domestic violence occurred. There is no minimum requirement of residency to petition for an injunction for protection.

§ 741.30(1)(j), Fla. Stat. (2025). Where the applicable statute contains a special provision on a particular issue, such as venue, the special provision trumps a general provision on the same issue, which, in this case, would be Florida Statute 47.011.[2] *See Bush v. State*, 945 So. 2d 1207, 1212 (Fla. 2006) ("Because no specific venue statute addresses mandamus petitions, the general venue statute is applicable in such cases[.]"); *cf. Weimorts v. Schockley*, 47 So. 3d 386, 386 (Fla. 1st DCA 2010) ("Because section 784.046, Florida Statutes (2009), providing for a protective injunction against dating violence, does not contain a special venue provision, the trial court was required to apply the general venue provision in section 47.011, Florida Statutes (2009)."). Applying section 741.30(1)(j) to the facts in this case, Mr. Guerra was allowed to file the petition in Collier County despite residing in Lee County because both counties lie within the Twentieth Judicial Circuit. §

---

[2] The general venue provision states, in relevant part, that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." § 47.011, Fla. Stat. (2025).

741.30(1)(j), Fla. Stat. ("Notwithstanding any provision of chapter 47, a petition for an injunction for protection against domestic violence *may be filed in the circuit where the petitioner currently or temporarily resides, where the respondent resides*, or where the domestic violence occurred." (emphasis added)).

Finally, the fact the parties may be involved in another action in Lee County is no reason to dismiss the petition for improper venue. Nothing in section 741.30(1)(j) makes its application contingent on the existence of other litigation between the parties in a different venue. Therefore, the trial court erred by relying on the Lee County proceedings as support for denying the petition for improper venue.

For these reasons, we conclude the petition was filed in a proper venue. We reverse and remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED.

WHITE and BROWNLEE, JJ., concur.


Elizabeth Humann, of Gulf Coast Legal Group, Naples, for Petitioner.

No Appearance for Respondent.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED